**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIO ALBERTO RODRIGUEZ HERNANDEZ; MARIA INES MEDRANO LLANOS; JONATHAN ALBERTO RODRIGUEZ MEDRANO; MARIA ELISA RODRIGUEZ MEDRANO, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-2501 <br><br> Agency Nos. <br> A201-426-750 <br> A201-426-751 <br> A201-426-752 <br> A201-426-753 <br><br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2024**
Pasadena, California

Before: W. FLETCHER, CALLAHAN, and DE ALBA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Petitioners Mario Alberto Rodriguez Hernandez ("Rodriguez Hernandez"), his wife Maria Ines Medrano Llanos ("Medrano Llanos"), and their minor children J.A. Rodriguez Medrano and M.E. Rodriguez Medrano, citizens of Mexico, petition for review of a decision by the Board of Immigration Appeals ("BIA") dismissing their appeal from the Immigration Judge's ("IJ") denial of Rodriguez Hernandez's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Medrano Llanos and their minor children are derivative beneficiaries of Rodriguez Hernandez's asylum application. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

We review denials of asylum, withholding of removal, and CAT relief for substantial evidence and any legal conclusions de novo. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). "To prevail under the substantial evidence standard, the petitioner 'must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous.'" *Id.* (quoting *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020)).

First, substantial evidence supports the BIA's conclusion that Petitioners did not establish past persecution for asylum purposes. "Unfulfilled threats are very rarely sufficient to rise to the level of persecution . . . ." *Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021). A single death threat made indirectly to Rodriguez

Hernandez does not compel the conclusion of past persecution in this case. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028–29 (9th Cir. 2019) ("On these facts, although it may have been *possible* for the IJ to conclude that the threats . . . [rose] to the level of persecution, we cannot say the evidence *compels* the conclusion" that they did). Nor does the allegation that gang members mocked Rodriguez Hernandez on the way to church compel a conclusion of past persecution. *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (holding substantial evidence supported the finding of no past persecution where petitioner was "teased, bothered, discriminated against and harassed" on account of their religion).

Second, the evidence also supports the finding that Rodriguez Hernandez's fears of future persecution were not well-founded. He could not explain why gang members would still want to harm him after he sold his motorcycle, the primary reason why they targeted him. Because Petitioners did not show persecution for asylum purposes, Rodriguez Hernandez "necessarily fails to satisfy the more demanding standard for withholding of removal, which involves showing by a 'clear probability' that the petitioner's life or freedom would be threatened in the proposed country of removal." *Davila*, 968 F.3d at 1142; *see also* 8 U.S.C. § 1231(b)(3)(A).

Third, substantial evidence supports the conclusion that gang members did not target Rodriguez Hernandez because of a protected ground. Petitioners asserted harm because of their membership in the particular social groups ("PSG") of (1) "Christian[s]"; (2) "small farm worker[s]"; (3) "immediate family" for Medrano Llanos and their children; and (4) "individuals who refuse to participate in gang activities because of their religious beliefs and their family members." But Rodriguez Hernandez's declaration and testimony support the conclusion that gang members threatened him because he had a motorcycle. While Rodriguez Hernandez also testified about his belief that gang members recruited him because of his religion, his testimony on this point is unclear and inconsistent. The BIA considered this evidence but nevertheless concluded that it was insufficient to establish that his religion was "one central reason" for the asserted persecution. 8 U.S.C. § 1158(b)(1)(B)(i) (requiring a protected ground to be "at least one central reason for persecuting the applicant"). The evidence before us does not compel the opposite conclusion. Nor does the evidence compel a conclusion that Rodriguez Hernandez was targeted because of his membership in any of the other claimed PSGs.

We also deny the petition as to Rodriguez Hernandez's CAT claim. Torture under CAT is "more severe than persecution," *Guo v. Sessions*, 897 F.3d 1208,

4

1217 (9th Cir. 2018) (quoting *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005)), and the evidence supports a finding of no persecution. Rodriguez Hernandez also did not establish that the government would consent or acquiesce to the harm. 8 C.F.R. § 1208.18(a)(1). "[G]eneral ineffectiveness on the government's part to investigate and prevent crime" by itself is insufficient "to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**PETITION DENIED.**